UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-25746-JB

CRISTIAN DAVID PENAGOS QUINTERO,

        Petitioner,

v.

GARRETT RIPA, Field Office Director of
Enforcement and Removal Operations,
Miami Field Office, Immigration
and Customs Enforcement; KRISTI NOEM,
Secretary U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
PAMELA BONDI, U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
E.K. Carlton Warden of
MIAMI FEDERAL DETENTION CENTER (FDC)
,

        Defendants.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Cristian David Penagos

Quintero's Petition for Writ of Habeas Corpus (the "Petition") and Petitioner's Motion

for Temporary Restraining Order and Preliminary Injunction.  ECF Nos. [1], [3].  On

December 10, 2025, this Court entered an Order to Show Cause, requiring the

Respondents to file a response to the Petition by no later than December 15, 2025.

ECF No. [5].  On Monday December 15, 2025, Respondents filed a Response to the

Court's Order to Show Cause. ECF No. [5].  Upon review of the heavily redacted

attachments to the Response, the Court ordered Respondents to file the attachments to the Response under Seal.  *See* ECF Nos. [7], [10], [12].  Petitioner was given leave to file a Reply to the Response by no later than three days after the Respondent's Response, but has not done so.  Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

I.      **BACKGROUND**

Petitioner is a citizen of Colombia who entered the United States on or around July 18, 2022, near Eagle Pass, Texas.  ECF No. [1] at ¶ 2, 4.  On July 21, 2022, Petitioner encountered the Department of Homeland Security ("DHS"), and placed Petitioner under expedited removal proceedings under section 235(b)(1) of the Immigration and Nationality Act ("INA").  *See* ECF No. [13-2] at 37.  Petitioner's sworn statement taken by border patrol agents at this time indicated that Petitioner entered the United States illegally because he feared that his life was in danger in Colombia.  *Id*. at 42.

On August 3, 2022, an Asylum Officer conducted a Credible Fear Interview, a record of which was included in the Government's sealed filing.  *Id*. at 48–61.  United States Citizenship and Immigration Services determined that Petitioner ha failed to establish a credible fear of persecution or torture, which Petitioner requested be reviewed by an Immigration Judge.  ECF No. [5] at 2; *see also* ECF No. [13-2] at 28. On August 25, 2022, an Immigration Judge reviewed the petition and subsequently issued an order indicating that Petitioner demonstrated "a significant possibility that

the Applicant could establish eligibility for asylum under section 208 of the [INA], withholding of removal under section 241(b)(3) of the Act, or protection under the Convention Against Torture." *Id*. at 22. The same order vacated petitioner's removal order. *Id*.

On September 1, 2022, DHS issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the INA as "an alien present in the United States who has not been admitted or paroled," as well as 212(a)(7)(A)(i)(I) of the INA, as "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA] . . . ." and thereby initiated removal proceedings against Petitioner. ECF No. [13-2] at 126–129. A superseding NTA was issued by DHS on October 31, 2022, which was identical to the first NTA, but set a hearing before an immigration judge to take place on November 25, 2024. Both NTAs also indicate that Petitioner's Section 235(b)(1) order be vacated pursuant to 8 CFR 208.30, indicating that Petitioner had entered the "credible fear" determination process. Also on September 1, 2022, DHS issued a notice indicating that U.S. Immigration and Customs Enforcement decided to parole Petitioner from custody pursuant to section 212(d)(5)(A) of the INA for a period of one year. *Id*. at 101.

On November 25, 2024, the Executive Office for Immigration Review ("EOIR") held a master calendar hearing which was continued to August 27, 2026. ECF No. [13-2] at 112.

On November 19, 2025, the Broward County Sheriff's Office arrested Petitioner for domestic violence/battery with bodily harm," a charge which remains pending. *Id.* at 148. Petitioner was taken into custody, processed and transported to the Broward Sheriff's Office main jail. *Id.* at 136. On November 20, 2025, DHS issued a Warrant for Arrest of Alien authorizing immigration officers to arrest and take into custody for removal proceedings under sections 236 and 287 of the INA. ECF No. [13-2] at 106. On December 8, 2025, Petitioner was detained by ICE and has since been detained at the Federal Detention Center in Miami, Florida. *Id.* at 148.

On December 9, 2025, Petitioner filed the instant Petition. ECF No. [1]. Petitioner raises a total of five claims. *See generally id.* at 6–12. Count I alleges that Petitioner is unlawful detained in violation of the INA because he has not been afforded any constitutionally adequate custody review or bond hearing. *Id.* at ¶¶31–39. Petitioner alleges that due to his previous parole, it has already been held that he does not pose a danger to his community nor is he a flight risk. *Id.* at 36. Count II alleges that Petitioner's detention is a violation of the due process clause of the fifth amendment to the U.S. Constitution and requests that the Court order his immediate release, or in the alternative, require a prompt and constitutionally adequate custody hearing. *Id.* at 40–51. Count III alleges that Petitioner's detention violates the administrative procedure act as arbitrary and capricious agency action. *Id.* at ¶¶52–62. Count IV alleges that Petitioner's lack of custody determination hearing constitutes a violation of equal protection because other section 240 respondents are afforded such custody determination hearings. *Id.* at ¶69. Finally, Count V alleges

a violation of the suspension clause of the constitution due to Petitioner's inability to challenge his custody. *Id.* at ¶73. Petitioner requests that this Court issue an Order that (i) issues a Writ of Habeas Corpus requiring that Respondents release Petitioner or, (ii) in the alternative, provide Petitioner with a bond hearing before a neutral Immigration Judge within seven (7) days of the Court's order, at which the government bears the burden to prove by clear and convincing evidence that continued detention is justified based on danger to the community or risk of flight. *Id.* at 16.

In its Response, the Government argues that (i) this Court lacks jurisdiction over Petitioner's removal proceedings, (ii) Petitioner has failed to exhaust his Administrative Remedies, and (iii) Petitioner is properly detained under 8 U.S.C 1225, and is subject to mandatory detention thereunder. ECF No. [5] at 4–20.

Petitioner did not file a Reply, and the time to do so has passed.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A.   <u>Jurisdiction</u>

Respondents argue that the Court lacks jurisdiction to consider the Petition based upon 8 U.S.C. § 1252(g). ECF No. [5] at 4–5. The Court rejects this argument for the reasons stated below.

Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders." *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1256–57 (11th Cir. 2020). To be sure, this provision bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 28 U.S.C. § 1252(g). It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). However, "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Here, Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Rather,

Petitioner challenges the legality of his detention.  Such claim is reviewable.  *See Canal A Media Holding, LLC,* 964 F.3d at 1257–58 (claim was not barred by § 1252(g) where action did not fall into one of three categories as "[w]hen asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."); *see also Maldonado v. Olson,* No. 25-cv-3142, 2025 WL 2374411, at *6 (D. Minn. Aug. 15, 2025) (petitioner's due process challenge was not barred by § 1252(g) as it did not "challenge the actions of Respondents in commencing proceedings, adjudicating cases, or executing removal orders."); *Vazquez v. Feeley,* No. 25-cv-01542, 2025 WL 2676082, at *8 (D. Nev. Sept. 17, 2025) ("[B]ecause Petitioner challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of the 'three discrete events along the road to deportation' that § 1252(g) applies to."); *Leal-Hernandez v. Noem,* No. 25-cv-02428, 2025 WL 2430025, at *5 (D. Md. Aug. 24, 2025) ("Petition[er] mounts a challenge solely to his continued custody.  None of the cases the Government relies on pertain to cases in which a petitioner . . . pursued judicial review of his allegedly unconstitutional custody.  In accordance with Supreme Court precedent and the plain language of the text, § 1252(g) does not bar [jurisdiction]."); *Sanchez v. LaRose,* No. 25-cv-2396, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. . . . Adopting [the government's] interpretation of 8 U.S.C. § 1252(g) . . . would eliminate judicial review of immigration detainee's claims of unlawful detention[.]");

7

*Campos Leon v. Forestal,* No. 25-cv-01774, 2025 WL 2694763, at *1–2 (rejecting respondents' § 1252(g) argument and concluding that the court had jurisdiction to hear habeas petition challenging DHS' refusal to abide by the IJ's bond order). Accordingly, section 1252(g) does not prevent this Court from exercising jurisdiction over the Petition.

### A. Exhaustion

Respondents argue that the Court should dismiss the Petition because Petitioner has not exhausted his remedies in that he has not sought review of the IJ's decision before the BIA.  ECF No. [5] at 5.  Petitioner did not file a reply, but argues in its Petition that it has not requested custody review by an immigration judge because Immigration Judges across the Country are relying on the precedent set by *In re Yajure Hurtado,* 29 I. & N. Dec. 216 (B.I.A. 2025), under which a request for a custody review is futile.  ECF No. [8] at 8–9.  Respondents' argument misses the mark.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential.  *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)).  In *In re Yajure Hurtado,* the BIA rejected the argument that an individual present in the United States without admission are applicants under 8 U.S.C. § 1225(b)(2)(A). 29 I. & N. Dec. at 220 ("Under the plain reading of the INA, we affirm the [IJ's] determination that he did not have authority over the bond request because

aliens who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."). The BIA issued *In re Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see also id.* § 1003.1(d)(1).

Thus, considering *In re Yajure Hurtado*, it appears evident that a noncitizen like Petitioner, who has resided in the United States for years but has not been admitted or paroled, will be subject to mandatory detention without bond under section 1225(b)(2) upon review by the BIA. *See In re Yajure Hurtado*, 29 I. & N. Dec. at 221. Administrative "exhaustion is not required where[,]" as here, "an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Therefore, since any "bond appeal to the BIA is nearly a foregone conclusion under *In re Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome North Serv. Processing Ctr.*, 25-cv-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); *see also Jefry Josue Del Cid Del Cid and Marlon Letona Marroquin v. Pamela Bondi*, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025); *Guerrero Orellana v. Moniz*, --F. Supp. 3d--, 2025 WL 2809996, at *4 n.2 (D. Mass. Oct. 3, 2025); *Inlago Tocagon v. Moniz*, --F. Supp. 3d--, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211, at *5 (D. Nev. Sept. 23, 2025).

B. **Legality of Petitioner's Mandatory Detention**

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing.  ECF No. [5] at 6–17.  Petitioner asserts that he was paroled in September of 2022 on the basis that he was not a danger to his community or a flight risk and nevertheless is detained at FDC.  ECF No. [1-1] at 7.  Respondents argue that Petitioner is indeed a danger to his community having been arrested and detained after a domestic violence incident.  ECF No. [5] at 6, n.2; *see also* ECF No. [13-2] at 136.

B. **Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)**

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), which makes him subject to mandatory detention and does not compel his release or a bond hearing.  ECF No. [17] at 2.  Petitioner asserts that 8 U.S.C. § 1225 is being incorrectly applied, and that his detention is governed by 8 U.S.C. § 1226(a), which allows for the release of noncitizens on bond.  ECF Nos. [1] at ¶ 50, [18] at 2.  The Court examines each of these statutes in turn, and concludes that § 1226(a) applies to Petitioner.

i. **8 U.S.C. § 1225**

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as

noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien

---

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

11

seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country.   8 U.S.C. § 1225(b)(2)(A).   Importantly, detention under § 1225(b)(2) is mandatory.  *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.   8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added).  Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release.  *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.  Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention."  *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.   Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction.  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425,

at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes*, 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, both CBP and DHS proceeded under section 1226. Specifically, each NTA that DHS issued to Petitioner did not classify him as an "arriving alien." *See* ECF No. [13-2] at 2, 126. Instead, the NTA charged him as "present in the United States without admission or parole." *Id.* This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025)

("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

### C. Petitioner is Entitled to a Bond Hearing Under Section 1226(a)

Since Petitioner's detention is governed by section 1226(a), he is entitled to an individualized bond hearing before an Immigration Judge.

As discussed above, both CBP and DHS have proceeded with Petitioner's case under section 236 of the INA, which is codified at section 1226. *See* ECF No. [13-2] at 2, 126. Section 236.1(d)(1) of the INA gives a detainee the right to seek review of a custody decision before an Immigration Judge. 8 C.F.R. § 236.1(s)(1); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Decades of consistent agency practice also support [petitioner's] entitlement to a bond redetermination hearing under § 1226(a)"). Accordingly, Petitioner is entitled to a bond hearing in accordance with the INA.

Accordingly, the Petition is meritorious solely as it relates to Petitioner's request for a bond hearing before a neutral Immigration Judge.

### D. Petitioner's Remaining Claims

The Court declines to reach the merits of Petitioner's constitutional claims raised in Counts II, IV and V of the Petition, as it is granting the relief he seeks in as it related to the relief requested in each of these claims. *See, e.g., Puga v. Assistant Field Office Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025) (declining to reach the merits of the

14

petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at \*8. Should Respondents fail to comply with this Order by providing Petitioner a bond hearing consistent with section 1226(a), Petitioner may renew his due process, or other constitutional claims.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     Petitioner Cristian David Penagos Quintero's Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 5th day of January, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**